

# SETTLEMENT AGREEMENT, RELEASE
# FOR CLAIMANTS WITH UNFILED CLAIM

This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is made and entered into this the ____ day of _____, 2004, by and between **Janie Kinsey and C.H. Kinsey** ("Releasors") and CitiFinancial Credit Company and Associates First Capital Corporation for themselves and for all of their respective consumer finance lending subsidiaries and affiliates, and each of their past and present predecessors, successors, assigns, parents, subsidiaries and affiliates (hereinafter referred to collectively as the "CitiFinancial Parties") (Releasor and the CitiFinancial Parties are collectively referred to as the "Parties").

## RECITALS

A.    Releasors have made claims against one or more of the CitiFinancial Parties, arising out of alleged wrongful acts or omissions by the CitiFinancial Parties. Releasors seek to recover monetary damages as a result of alleged wrongdoing related to a loan or loans made to Releasors (such loan transaction(s) including the sale of insurance or other products or services related thereto being herein referenced as the "Loan(s)"), and Releasors allegedly sustained damages as a result of the Loan(s).

B.    The Parties desire to enter into this Settlement Agreement to fully settle, compromise and resolve their difference with respect to any loans made by the CitiFinancial Parties to the Releasors and with respect to any and all insurance sold by CitiFinancial Parties to the Releasors upon the terms and conditions set forth below.

## AGREEMENT

The Parties agree as follows:

- 1 -

1.    In consideration of the payment by the CitiFinancial Parties to Releasors of $10,259.11, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Releasors hereby completely release and forever discharge, and by these presents do for themselves, and for their assigns, agents, representatives, privies, attorneys, heirs, executors, administrators, and beneficiaries, releases, and forever discharges (a) the CitiFinancial Parties, (b) its present, former, and future parent, subsidiary, and affiliated companies (including without limitation Associates Financial Services Company, Inc.; Associates Investment Company; Associates Financial Life Insurance Company; Associates Insurance Company; Associates Home Equity Services Inc.; Citigroup Inc., CitiFinancial Corporation, CitiFinancial, Inc.; and CitiFinancial Mortgage Company, Inc.), (c) any company whose products or services were sold or offered to Releasors by the CitiFinancial Parties or any other of the Releasees (including without limitation American Security Insurance Company; Union Security Life Insurance Company; and Standard Guaranty Insurance Company), and (d) each of the foregoing's insurers, reinsurers, predecessors in interest, and successors, and these companies' past, present, and future officers, directors, employees, servants, attorneys, legal and beneficial shareholders, partners,  privies, representatives, assigns and agents (collectively, the "Releasees") of and from all manner of actions, causes of action, lawsuits, claims, damages, debts, obligations, liabilities, promises, defenses, agreements, costs, expenses (including attorneys' fees), and demands of whatever kind or nature, whether known or unknown, that Releasors now have, had, or may hereinafter claim to have, in law or equity, whether based on statute, tort, contract, or other theory or recovery, as of the date of this Agreement, including without limitation those which (i) comprise, arise from, are related to, are based upon, or are connected with the Loan(s); (ii) arise from, are related to, are based upon, or are connected with any loan, note, extension of credit, refinancing, purchase of credit insurance, or other dealings between Releasors

- 2 -

and the CitiFinancial Parties and/or any other of the Releasees; (iii) arise from, are related to, are based upon or are connected with claims of misrepresentation of savings; misrepresentation of loan amount; misrepresentation of cost of credit insurance; misrepresentation of insurance coverage; failure to disclose cost and terms of credit insurance; misrepresentation of credit insurance refund; unfair collections practices; Truth in Lending Act violations; Equal Credit Opportunity Act Regulation B violations; and Fair Credit Reporting Act violations; and (iv) any other claims based upon state, federal, or common law.

2.     The Releasors acknowledge and agree that the release and discharge set forth above is a general release. The Releasors expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect the Releasors' decision to enter into the Settlement Agreement. The Releasors further agree that this release is a complete compromise of matters involving disputed issues of law and fact. The Releasors assume the risk that the facts or law may be other than the Releasors believe. It is understood and agreed to by the Parties that this settlement is a compromise of a doubtful and disputed claim, and the payment of consideration by CitiFinancial Parties is not to be construed as an admission of liability on the part of the CitiFinancial Parties by whom liability is expressly denied.

3.     It is agreed that the aforesaid consideration is not a payment for damages but is paid solely for the purchase of peace from the Releasors and to secure the full, complete, and final discharge of the Releasees and any company whose products or services were sold by Releasees from any and all claims, demands, actions, or causes of action that Releasors may now or hereafter have against them arising out of or being in any way related to the claims made in connection with the

Loan(s), and Releasors hereby agree that such claims, demands, actions, or causes of action are wholly and forever satisfied and extinguished.

4.     Each party hereto shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with this claim, this Settlement Agreement and the matters and documents referred to herein, and all related matters.

5.     In entering into this Settlement Agreement, the Releasors represent that they have relied upon the advice of their attorneys, who are their attorneys of choice, concerning the legal consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to the Releasors by their attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by the Releasors.

6.     The Releasors represents and warrant they are of legal age and have no mental disability of any kind, which would prevent their willful, knowing and voluntary execution of this Release. The Releasors further represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that the Releasors have the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that the Releasors have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in the Settlement Agreement.

7.     Releasors agree that neither they nor thei attorneys nor other representatives shall reveal to anyone, other than as required by order of a court of competent jurisdiction, as otherwise provided for herein or as may be mutually agreed to in writing by Releasees, any terms of this Settlement Agreement, any of the amounts, numbers or terms and conditions of any sum payable to Releasors hereunder, or any information concerning Releasors' claims against Releasees or any

company whose products or services were sold by Releasees. The Releasors will not make any statements to the media and if asked about the settlement shall state only that the Parties have reached a settlement. Notwithstanding the foregoing, to the extent reasonably necessary, a Releasors may without obtaining the prior written consent of each of the CitiFinancial Parties disclose the substance of this Agreement and/or its terms to their attorneys in connection with obtaining legal advice, to accountants, tax consultants, or other professionals for the purpose of financial advice, tax advice, or financial or tax reporting or to any governmental or regulatory agency or authority to the extent required by any statute, regulation, or ordinance. Payment to the Releasors is conditioned on compliance with this confidentiality provision.

8.      This Agreement may be subject to the approval of the appropriate bankruptcy court and/or trustee for any Releasor who is involved in bankruptcy proceedings. Any Releasors who are involved in any bankruptcy proceedings hereby represent that they have obtained the necessary approval from the bankruptcy court and/or the bankruptcy trustee to enter into this agreement.

9.      This Settlement Agreement shall be construed and interpreted in accordance with the laws of the state in which the Releasors reside.

10.     All Parties agree to cooperate fully and execute any and all supplementary documents and to take additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

11.     This Settlement Agreement contains the entire agreement between the Parties with regard to the matters set forth in it and shall be binding upon and enure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. **HOWEVER, NOTHING IN THIS SETTLEMENT AGREEMENT SHALL AFFECT THE CONTRACTUAL OBLIGATIONS OF RELEASORS TO THE RELEASEES UNDER ANY**

- 5 -

**LOAN DOCUMENTS EXECUTED BY THEM. THOSE OBLIGATIONS ARE AND SHALL CONTINUE TO BE GOVERNED BY THE LOAN DOCUMENTS.** In addition, Releasors acknowledge and agree that any and all claims of the Releasors in connection with their indebtedness to one or more of the Releasees shall be released upon Releasors' execution and delivery of this Agreement by that Releasors and upon payment of the consideration enumerated in paragraph 1, above.

12.    Releasors acknowledge and agree that (i) CitiFinancial Parties may report any payments made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (ii) they are solely responsible for determining and satisfying any tax liability resulting from any payments made pursuant to this Agreement; and (iii) that CitiFinancial Parties have made no representations, or offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement.

13.    The Parties acknowledge and agree that this Agreement and its provisions shall be construed according to their common or ordinary meaning and without interpretive favor or prejudice to any Party.

14.    The Parties acknowledge and agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

15.    If any term or condition of this Agreement or the application thereof to any Party or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Agreement nor the application of such term or condition to any other Party or circumstance shall be affected thereby, and each remaining term or condition of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

- 6 -

16.    This Settlement Agreement shall become effective immediately following execution by each of the Parties.

17.    The Releasors acknowledge that all representations contained herein are material representations without which no part of the sums stated herein would be paid to Releasors.

**CLAIMANT**

Name:_____

DATE:_____

SS#:_____

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of _____, 2004.

_____
NOTARY PUBLIC

My Commission Expires:

_____

**CLAIMANT**

Name:_____

DATE:_____

SS#:_____

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of _____, 2004.

_____
NOTARY PUBLIC

My Commission Expires:

16.     This Settlement Agreement shall become effective immediately following execution by each of the Parties.

17.     The Releasors acknowledge that all representations contained herein are material representations without which no part of the sums stated herein would be paid to Releasors.

**CLAIMANT**

Name:_____

DATE:_____

SS#:_____

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of _____, 2004.

_____
NOTARY PUBLIC

My Commission Expires:

_____

**CLAIMANT**

Name:_____

DATE:_____

SS#:_____

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of _____, 2004.

_____
NOTARY PUBLIC

My Commission Expires:

_____

**CLAIMANTS' ATTORNEYS**


_____
C. LANCE GOULD, personally and on behalf of the
law firm of BEASLEY, ALLEN, CROW, METHVIN,
PORTIS   &   MILES,   P.C.      AS   TO
CONFIDENTIALITY PROVISIONS

DATE:_____

- 8 -