IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JANIE L. KINSEY and C.H. KINSEY,  )
  )
      Plaintiffs,  )
  )
v.  )  Case No.:  2:05-cv-636-F
  )
C. LANCE GOULD, et al.,  )
  )
      Defendants.  )

## MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT C. LANCE GOULD'S MOTION TO DISMISS

This *pro se* action is brought by Janie L. Kinsey and C.H. Kinsey, two former clients of Defendant C. Lance Gould.  In their Complaint and Amended Complaint, as applicable to Defendant Gould, the Plaintiffs raise allegations of "discrimination", "fraudulent", "trespass", "wanton injury" and "misrepresentations" arising out of Defendant Gould's decision to withdraw from further representation of the Plaintiffs in connection with a pre-litigation settlement offer from co-Defendant CitiFinancial.  (*See* Amended Compl., Document 8, pp. 29-31).  Believing that Defendant Gould's decision to withdraw will "hinder me for a fair trial", the Plaintiffs bring this suit.  In its simplest, this allegation fails to state a claim upon which relief can be granted.  For this reason, as well as the others set forth below, the Complaint and Amended Complaint are due to be dismissed.

## STANDARD OF REVIEW

"The appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim.  All facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached thereto." *McFarland v. Folsom*, 854 F.Supp. 862, 869 (M.D. Ala. 1994)(internal citations omitted). "Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint.  "Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* (quoting *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).    Though    the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low, . . . to survive a motion to dismiss, a plaintiff must do more than merely 'label' his claims*."  Wald v. United States*, 2002 U.S. Dist. LEXIS 3970, at *4 to *5 (S.D. Fla. 2002)(citations omitted).

## STATEMENT OF FACTS

In the light most favorable to the Plaintiffs, the pertinent facts are as follows:

The Plaintiffs hired C. Lance Gould "to investigate whether a lawsuit can be brought against Citifinancial." (*See* Compl., Document 1-1, p. 5).  On August 5,

2004, Gould "sent papers to [the Plaintiffs] to sign to make a settlement with Citifinancial." (*Id.*). Concerning the proposed settlement, Gould stated that the Plaintiffs "have [the] option [to] take the settlement or proceed [with] this case in court." (*See* Compl., Document 1-1, p. 5).

Because the Plaintiffs preferred to have their case decided by a judge and jury, they refused to sign the settlement papers. (*Id.*)(*See also* Letter, Document 1-2, p.1). Believing that the rejected settlement offer was fair and in the Plaintiffs' best interests, Gould thereafter withdrew from any further representation of the Plaintiffs. (*See* March 25, 2005 Letter, Document 1-3, p. 1).

## <u>ARGUMENT</u>

**I.     Taken As True, the Facts Made the Basis of the Complaint and Amended Complaint Fail to State a Claim Upon Which Relief Can be Granted.**

The basis for the Plaintiffs' Complaint and Amended Complaint is the decision by the Plaintiffs to reject the pre-litigation settlement offer provided by CitiFinancial and Defendant Gould's subsequent decision to withdraw from any further representation of the Plaintiffs. In its simplest, no construction of these facts support a cause of action against Defendant Gould.

First, there is no actionable wrong in the Plaintiffs' rejection of the CitiFinancial settlement offer. As set forth in the Complaint and Gould's December 3, 2004 Letter (*see* Document 1-4, p. 2), the Plaintiffs had the choice of accepting the offer or proceeding with their claims in the tort system. They chose

the latter and without prejudice or damage to them.  The fact that they have filed the instant suit against CitiFinancial amply demonstrates they have not been hindered in their choice.

Likewise, Defendant Gould's decision to withdraw from representing the Plaintiffs does not state a claim.  It is well-settled that an attorney can withdraw from representing his clients. *See, e.g., McDorman v. Archer*, 678 So. 2d 112 (Ala. Civ. App. 1995)(noting that trial court had granted an attorney's motion to withdraw).   Indeed, the Fee Agreement governing the attorney-client relationship between Defendant Gould and the Plaintiffs affirmatively states that Gould could withdraw from further representation of the Plaintiffs:

> "If, after reasonable investigation of the previously mentioned claim(s), the Attorneys determine that it is not feasible to prosecute the claim(s), it is agreed upon  notification of the Client of that fact, the Attorneys may withdraw from representation of the Client under this contract without further obligation."

(*See* Fee Agreement, attached as Ex. 1 to Gould Aff.).

In short, the factual allegations against Defendant Gould do not support any cause of action.  Indeed, the Plaintiffs cannot provide any reference or authority that indicates the Plaintiffs have a cause of action under these facts.  *See LeFlore v. Sea Breeze Nursing Home & Rehabilitation*, 2000 U.S. Dist. LEXIS 8872, at *18 (S.D. Ala. 2000)("Plaintiff has failed to . . . provide any reference or authority which indicates that Plaintiff has a cause of action for such a claim. . . . Consequently, the Court finds that Plaintiff has failed to state a claim . . .).   For this reason, the Complaint and Amended Complaint should be dismissed.

**II.    The Complaint and Amended Complaint Do Not Aver Any Claims
Entitling Them to Relief.**

The Complaint and Amended Complaint should be dismissed for another

reason -- the Plaintiffs do not allege any viable theories of recovery nor any facts

supporting such theories of recovery.  As noted by the Southern District of Florida

in *Wald v. United States*, "to survive a motion to dismiss, a plaintiff must do more

than merely 'label' his claims*."  Wald v. United States*, 2002 U.S. Dist. LEXIS

3970, at *4 to *5 (S.D. Fla. 2002)(citations omitted). Though Fed. R. Civ. P. 8(a)

only requires a plaintiff to provide a short plain statement of the claim that will

give the defendant fair notice of the plaintiff's claim, the plaintiff nevertheless

must provide sufficient detail so that the defendant and the court can obtain a fair

idea of what the plaintiff is claiming and can see that there is some legal basis for

recovery.  *See L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). Here, at

best, the Plaintiffs have done nothing but merely "label" their claims, which is

insufficient for purposes of Rule 8(a), Fed. R. Civ. P.

For example, the Plaintiffs allege that "C. Lance Gould has trespass." (*See*

Amended Comp., Document 8, p. 29). The Plaintiffs, however, do not state what

Defendant Gould has done that constitutes an action for trespass, nor have they

identified what type of trespass claim they are asserting -- e.g., Indirect, Trespass

to Chattel, Trespass Quare Clausum Fregit, Criminal Trespass, Continuing

Trespass, etc.

The Plaintiffs also assert that Defendant Gould is guilty of "Discrimination." (*See* Amended Comp., Document 8, p. 31). However, the Plaintiffs do not identify the basis for their claim of Discrimination, whether that be State law or Federal law (e.g., Equal Protection (Fourteenth Amendment), Title VI, Title VII, Section 1981, Section 1982, Section 1983 or Section 1985).

Finally, the Plaintiffs allege a claim of "fraudulent." (*See* Amended Comp., Document 8, p. 29). To the extent this is meant to be a claim of fraud, the pleading of such a claim is wholly deficient. In other words, the Plaintiffs do not identify the time, place, substance of the allegedly false misrepresentation, the fact misrepresented, or what has been obtained, *see Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981), and *Smith v. National Security Ins. Co.*, 860 So. 2d 343 (Ala. 2003), and they certainly have not asserted any such claim with the particularity required by Fed. R. Civ. P. 9.

In short, the Plaintiffs have not asserted any viable legal theories of liability that sufficiently comply with Fed. R. Civ. P. 8(a), and the Complaint and Amended Complaint should therefore be dismissed.

### III.    Plaintiffs Have Not Alleged a Cause of Action Under the Legal Services Liability Act and Therefore the Complaint and Amended Complaint Must be Dismissed.

Since the Plaintiffs' claims against Defendant Gould arise out of the attorney-client relationship, any claims against Defendant Gould are governed by the Alabama Legal Services Liability Act ("ALSLA"), Ala. Code § 6-5-570, *et*

*seq.*   Section 6-5-573, Ala. Code (1975), of the ALSLA provides as follows concerning actions against legal service providers such as Defendant Gould:

> "***There shall be only one form and cause of action*** against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and shall have the meaning as defined herein."

Ala. Code § 6-5-573 (emphasis added).

Here, the Plaintiffs do not bring a "legal service liability action", even though their claims are clearly subject to the ALSLA.  Moreover, the Complaint and Amended Complaint make absolutely no allegation that Defendant Gould violated the standard of care applicable to legal service providers. *See* Alabama Code § 6-5-572(2).   The Complaint and Amended Complaint therefore fail to state a claim against Defendant Gould.

## CONCLUSION

For the above stated reasons, the Complaint and Amended Complaint fail to state a claim against Defendant C. Lance Gould.  Accordingly, Defendant Gould respectfully requests dismissal of the claims against him.

<div style="margin-left:40%">

/s/ R. Austin Huffaker, Jr.
    Bar Number: (ASB-3422-F55R)
Robert C. ("Mike") Brock
    Bar Number:  (ASB-5280-B61R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:        rah2@rsjg.com
                    rcb@rsjg.com

Attorneys for Defendant
C. LANCE GOULD

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Janie L. Kinsey
C.H. Kinsey
420 County Road 250
Headland, AL 36345

by placing same in the United States Mail, postage prepaid and properly addressed on this the 17th day of August, 2005.

<div style="margin-left:40%">

/s/ R. Austin Huffaker, Jr.
Of Counsel

</div>