IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE L. KINSEY and C.H. KINSEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05CV636-F |
| ) | [WO] |
| C. LANCE GOULD, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on defendant C. Lance Gould's ["Gould"] Motion to Dismiss (Doc. # 11) the plaintiffs' ["Kinseys"] complaint and amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court entered an Order requiring the Kinseys to show cause why Gould's motion should not be granted (Doc. # 13), and the Kinseys responded (Doc. # 15). Having reviewed the parties' submissions, the Magistrate Judge recommends that the motion be granted, and the Kinseys' claims against Gould should be dismissed without prejudice.

**DISCUSSION**

The Kinseys filed this law suit *pro se* by completing a form complaint and attaching a list of monetary demands along with a copy of a letter they had previously sent to the court Clerk (Doc. # 1). Although hardly clear, these documents, when considered together, establish that the Kinseys had retained Gould as their legal counsel for the purpose of filing a lawsuit against the other defendants in this case ["Banks"] . According to the letter

attached to the form complaint, "When [the Banks] agree [sic] to make a settlement . . . Mr. Gould stated we have option [sic] take [sic] the settlement or proceed this [sic] case in court. We explain [sic] to him we [sic] prefer a case in this situation [sic] to the judge and jury, so he dismiss [sic] himself from" the case (Doc. # 1, p. 5-6).

In subsequent filings that this court has construed collectively as an amended complaint, the Kinseys allege that Gould delayed in responding to their initial refusal to settle and then withdrew as their counsel prior to trial (Docs. # 9, 10). His actions, they allege, deprived them of a fair trial, were discriminatory, and amounted to negligence, fraud, trespass, oppression, and wantonness (Docs. # 1, 9, 10).

In his memorandum in support of his motion, Gould contends that an attorney's withdrawal from a client's case does not give rise to a cause of action under either federal or state law (Doc. # 12, pp. 3-4). Gould also contends that the Kinseys have done nothing more than "label" their claims without alleging any supporting facts (Doc. # 12, pp. 5-6). Finally, Gould contends that the attorney-client relationship is "governed by the Alabama Legal Services Liability Act" and, regardless, the Kinseys have failed to allege that Gould "violated the standard of care applicable to legal service providers" (Doc. # 12, pp. 6-7).

The Kinseys responded with no legal arguments and simply restated their belief that by informing them of their option to decline the settlement offer in favor of a jury trial and then withdrawing from representation when they decided to exercise that option, Gould legally wronged them (Doc. # 14). They also appear to contend that Gould had no right to withdraw from representation without a court order unless they posed a threat to him, though

they have provided no legal authority in support of this position. *Id.*

Countered by the exceedingly light burden imposed upon plaintiffs in asserting their legal claims, FED. R. CIV. P. 8(a), motions to dismiss for failure to state a claim are infrequently successful. **St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.**, 795 F.2d 948, 953 (11th Cir. 1986) ("Although authorized by the Federal Rules of Civil Procedure, the liberal rules as to the sufficiency of a complaint make it a rare case in which a motion on this ground should be granted"). Gould's potential success at this stage is further complicated by the liberal reading the court must afford pleadings submitted by parties acting *pro se*, *see, e.g.*, **Tannenbaum v. U.S.**, 148 F.3d 1262, 1264 (11th Cir. 1998).

In determining whether to dismiss the Kinseys' complaint, the court must accept their allegations as true and may not grant dismissal "unless it appears beyond doubt" that they "can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957), *quoted in* **St. Joseph's Hosp.**, 795 F.2d at 953; *see also* **U.S. v. Baxter Int'l, Inc.**, 345 F.3d 866, 880 (11th Cir. 2003); **Blackston v. State of Alabama**, 30 F.3d 117, 120 (11th Cir. 1994).

Although the court offers no opinion regarding the sufficiency of the state law claims the Kinseys attempt to allege, clearly they have failed to state a federal constitutional or statutory claim against Gould. *See, e.g.*, **DeShaney v. Winnebago County Dep't of Soc. Svcs.**, 489 U.S. 189, 195 (1989) (stating that the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution exist to limit the government's power and do not offer protection from private actors); *see also* **Diaz v. Sheppard**, 85 F.3d

1502, 1505-05 (11th Cir. 1996) (holding that the federal district court lacked jurisdiction over the plaintiff's legal malpractice claims); **Gonzalez v. Arana**, 45 F.3d 423, 1995 WL 32644, at *1 (1st Cir. 1995) (table) ("In the absence of a specific statute creating a federal cause of action, the traditional right to relief for legal malpractice is rooted in state law"; citing **O'Melveny & Myers v. F.D.I.C.**, 512 U.S. 79, 87-89 (1994)).

The Kinseys' complaints regarding Gould, sufficient or not, essentially concern legal malpractice and are, as Gould contends, governed by Alabama law. ALA. CODE §§ 6-5-570 *et seq.* (2004). In the absence of an allegation of diversity jurisdiction - and in view of its impropriety in this case - this court does not have subject matter jurisdiction over the Kinseys' claims against Gould. *See* 28 U.S.C. §§ 1331, 1332 (2004); *see also* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Therefore, Gould's motion should be granted, and the Kinseys' claims against Gould should be dismissed without prejudice. *See, e.g.*, **Ga. Advocacy Office, Inc. v. Camp**, 172 F.3d 1294, 1299 (11th Cir. 1999) (citing to **Crotwell v. Hockman-Lewis Ltd.**, 734 F.2d 767, 769 (11th Cir. 1984) for the proposition that dismissal without prejudice is the proper remedy when subject matter jurisdiction is lacking).

## CONCLUSION

Therefore, it is the RECOMMENDATION of the Magistrate Judge that Gould's motion be GRANTED and that the Kinseys' claims against Gould be DISMISSED

WITHOUT PREJUDICE. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 28 November, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982). *See* **Stein v. Reynolds Securities, Inc.**, 667 F.2d 33 (11th Cir. 1982). *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981).

DONE this 14th day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE