IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE L. KINSEY and C.H. KINSEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:05-cv-636-F |
| ) | |
| C. LANCE GOULD, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO QUASH AND TO DISMISS**

**COME NOW** Defendants CitiFinancial Corporation, LLC and TranSouth Financial Corporation, n/k/a CitiFinancial Auto Corporation, (or collectively "Defendants"[1]), appearing specially and specifically reserving their defenses under the applicable rules of civil procedure, any and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and hereby move this Court to quash the summons and complaint issued to Defendants and to dismiss Defendants from this action based on Plaintiffs' failure to state a claim.

**I.   STATEMENT OF FACTS**

Plaintiffs Janie L. Kinsey and C.H. Kinsey filed this lawsuit on July 7, 2005 against their former attorney, C. Lance Gould, with the law firm of Beasley, Allen, Crow, Methvin, Portis & Miles, and Defendants "CitiFinancial," "Associates" and "Transouth." Although Plaintiffs' allegations are not clear,[2] it appears that the Kinseys had retained Gould as their attorney for the

---

[1] At the time Defendant Associates Financial Life Insurance Company was allegedly served, it was no longer in business.

[2] For their complaint, Plaintiffs simply completed a form complaint and attached a list of monetary demands, as well as a copy of a letter they had previously sent to the Clerk of the Court.

purpose of filing a lawsuit against Defendants. Gould negotiated a settlement on behalf of the Kinseys, and forwarded the proposed settlement to the Kinseys for their acceptance or rejection, The Kinseys rejected the settlement. Gould subsequently terminated his representation of the Kinseys. Neither in the Complaint nor in the documents attached thereto do Plaintiffs make any allegations of wrongdoing against Defendants.

On July 13, 2005, this Court ordered the Plaintiffs to amend their Complaint to specifically set forth:

> 1.　　The names of all of the individuals and companies who violated their federal statutory or constitutional rights and a current mailing address where the individuals and companies can be served;
>
> 2.　　As to each such defendant:
>
>> 1.　　The federal statutes, federal regulations or federal constitutional provisions which were violated;
>>
>> 2.　　A description of all the actions which violated the plaintiffs' rights;
>>
>> 3.　　The specific dates on which each violation occurred;
>>
>> 4.　　The plaintiffs' specific relationship to each defendant (e.g., lawyer/client, etc.); and
>>
>> 5.　　The amount of money lost, or the specific injury incurred, as a result of each violation.
>
> 3.　　Whether the plaintiffs have sought relief from any private or governmental agency, and if so, the name of the agency, the date of the claim, and the result of the investigation of the claim; and
>
> 4.　　The specific relief that the plaintiffs seek **against each defendant**, that is, the precise action that the plaintiffs wish for the court to take against each defendant in response to their complaint.
>
>　　Unless the plaintiffs provide the foregoing information, this action may not proceed. The plaintiffs are advised that their failure to comply with this order could result in a Recommendation to the court that this case be dismissed.

(Court's Order dated 7/13/05 (emphasis in original.))

On July 27, 2005, Plaintiffs filed an Amended Complaint, but it did not comply with the Court's July 13, 2005 Order.

Plaintiffs improperly served Defendants with their original Complaint -- not the Amended Complaint -- on June 28, 2006, approximately 1 year after having filed the instant lawsuit and well beyond the 120 day requirement for service. The return receipt card for service was executed by Shaun Hawthorne, but she is not a registered agent for service of process for Defendants.

## II.  ARGUMENT

### A.  The Summons And Complaint Are Due To Be Quashed Because They Were Not Properly Served, Nor Were They Timely Served.

Pursuant to Federal Rule of Civil Procedure 4(h), Plaintiffs could have served Defendants by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1), or "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process," Ala. R. Civ. P. 4(c)(6). Plaintiffs did neither. They served Shaun Hawthorne, who is an assistant manager of a CitiFinancial branch located in Dothan, Alabama. Ms. Hawthorne is not an officer of CitiFinancial; she is not a managing or general agent of CitiFinancial; she is not a partner in CitiFinancial; and she is not otherwise authorized by appointment or by law to receive service of process on behalf of CitiFinancial. Therefore, service was improper, and the summons and complaint are due to be quashed.

In addition, pursuant to Rule 4(m), Plaintiffs must have served Defendants within 120 days of the filing of the complaint, and they failed to do so. Instead, Plaintiffs attempted to serve

Defendants almost 1 year after they filed suit. Moreover, Plaintiffs did not properly serve Defendants at that time. As such, Defendants are due to be dismissed.

**B.    Defendants Are Due To Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

"The appropriate standard for deciding to dismiss a claim [pursuant to Rule 12(b)(6)] is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim." *McFarland v. Folsom*, 854 F. Supp. 862, 869 (M.D. Ala. 1994). "All facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached thereto." *McFarland*, 854 F. Supp. at 869. "Dismissal is appropriate where it is clear the plaintiff can prove no facts in support of the claims in the complaint." *Id.*

Even if Defendants had been properly and timely served, which they have not, Defendants are nonetheless due to be dismissed because Plaintiffs have failed to state a claim against them. As set forth above, Plaintiffs allege that Mr. Gould negotiated a settlement between Defendants and Plaintiffs, and submitted the proposed settlement to Plaintiffs for their consideration. Plaintiffs rejected the proposed settlement, and Mr. Gould withdrew from his representation of Plaintiffs. Based on these allegations, Plaintiffs generally assert fraud, negligence, trespass, and discrimination against Defendants.

Based on the facts set forth in the Complaint and related documents, there is no possibility that Plaintiffs can maintain claims of fraud, negligence, trespass, discrimination -- or any other claim -- against Defendants. With respect to fraud, Plaintiffs have failed to state (1) a false representation by Defendants; (2) Plaintiffs' reasonable reliance on any false representation by Defendants; or (3) damage as a proximate consequence of Plaintiffs' reliance on a misrepresentation. *See Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1160 (Ala. 2003) ("The elements of fraud are (1) a false representation (2) of a material existing

fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation."). With respect to negligence, Plaintiffs have failed to state that Defendants had a duty to Plaintiffs, or that they breached any duty, or that Plaintiffs suffered any damages. *See Lowe's Home Ctrs., Inc. v. Laxson*, 655 So. 2d 943, 945-46 (Ala. 1994) ("It is a well-established rule of law in this state that in order to prove a claim of negligence a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff.") Further, Plaintiffs have stated no facts that would support a trespass claim or a discrimination claim against Defendants. In fact, Plaintiffs have not alleged that Defendants did anything whatsoever wrong.

C.  **The Amended Complaint Is Due To Be Dismissed Because Plaintiffs Failed To Follow This Court's Order.**

Although Plaintiffs have not even attempted service of the Amended Complaint on Defendants, Defendants have become aware of the existence of the Amended Complaint, and it is also due to be dismissed for failure to follow this Court's July 13, 2005 Order (or the "Order").

Contrary to the guidelines set out in the Order, Plaintiffs continuously refer to Defendants collectively as "these Companies," and does not set forth, by Defendant, the alleged wrongful conduct of each Defendant; the individual Defendant's specific relationship with Plaintiffs; or the amount of money allegedly lost or specific injury allegedly suffered by Plaintiffs. Moreover, Plaintiffs fail to state whether they have sought any private or governmental relief, and they have failed to state the specific relief they seek against each Defendant. In addition, the only statutes or constitutional provisions that Plaintiffs cite are the "Unfair Collection Practice Act," "Truth and Lending Act" and "Equal Credit Opportunity Act;" however, Plaintiffs fail to allege any events or conduct to support any of violations of these federal causes.

Because Plaintiffs failed to follow this Court's Order, which provided Plaintiffs with a simple checklist of needed information, the Amended Complaint is due to be dismissed.

D.  **In Addition To Failing to Comply With This Court's Order, The Amended Complaint Is Due to Be Dismissed For Failure to State A Claim Upon Which Relief Can Be Granted.**

Aside from the fact that Plaintiffs have failed to even attempt service of the Amended Complaint on Defendants, and that Plaintiffs have failed to comply with this Court's 7/13/05 Order, the Amended Complaint is due to be dismissed for failure to state a claim upon which relief can be granted. The Amended Complaint generally alleges that Defendants violated the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), that Defendants made misrepresentations of an unspecified nature regarding loan agreements, and "identity theft" regarding an alleged June 4th, 2005 letter that Defendants sent to Plaintiffs, purportedly informing Plaintiffs that Defendants could not locate Plaintiffs' credit history. For the reasons set forth below, Plaintiffs fail to state any claim against Defendants in the Amended Complaint.

1.  **Plaintiffs Fail To State A TILA Violation.**

On page 13 of the Amended Complaint, Plaintiffs generally allege a violation of TILA and request $200,000 for the violation. As this Court is aware, TILA requires creditors to disclose certain information in writing and in a particular manner pursuant to the disclosure requirements set out in 15 U.S.C. §§ 1605-1606. TILA states that a creditor shall disclose, "the number, amount, and due dates or period of payments scheduled to repay the total of payments." 15 U.S.C. § 1638(a)(6). Regulation Z, which implements TILA, similarly provides that "the creditor shall disclose the number, amounts, and timing of payments scheduled to repay the

obligation." 12 C.F.R. § 226.18(g). On the face of the amended complaint, Plaintiffs have failed to allege any facts of nondisclosure that are necessary to maintain an action under TILA.[3]

### 2. Plaintiffs Fail To State An ECOA Violation.

The Amended Complaint states that Defendants have violated ECOA. ECOA prohibits discrimination in the field of consumer credit. 15 U.S.C. §1691. ECOA makes it "unlawful for a creditor to discriminate against any applicant with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. §1691(a). Similar to the cursory manner in which Plaintiffs state that Defendants violated TILA, Plaintiffs have only named the ECOA by name and have failed to allege any actual instances of discriminatory conduct that would give rise to an ECOA violation.

### 3. Plaintiffs Fail To State A Claim For Misrepresentation Or Identity Theft.

Plaintiffs allege that Defendants generally misrepresented information regarding their loan. However, Plaintiffs fail to allege any facts sufficient to maintain a claim of fraud or misrepresentation, and they fail to plead fraud with particularity pursuant to Rule 9(b). *See Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1160 (Ala. 2003). Plaintiffs fail to specify the alleged misrepresentation; when, where, how and to whom it was made; that Plaintiffs reasonably relied on the alleged misrepresentation; or that Plaintiffs suffered

---

[3] Even if Plaintiffs had stated a TILA violation, which they have not, TILA provides that an action must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Since TILA is a disclosure statute, the date of the "occurrence of the violation" is the date of the transaction because that is the date on which a legal obligation to make the disclosures arises. *See Riddisell v. Fifth Third Bank*, 622 F. 2d 243, 246 (6th Cir. 1980*); Dryden v. Lou Budke's Arrow Finance Co.*, 630 F. 2d 641, 646 (8th Cir. 1980). Defendants have records of Plaintiffs entering into 2 loans with Defendants -- on December 1, 1998 (TranSouth) and on April 30, 2002 (CitiFinancial). Plaintiffs filed their Complaint on July 6, 2005. As such, it has been 6 years and 4 years, respectively, since any potential TILA violation, and Plaintiffs' TILA claims are time-barred.

damages as a proximate result of their reasonable reliance. As such, Plaintiffs' misrepresentation claim in their Amended Complaint (as well as in their original Complaint) is due to be dismissed.

Plaintiffs also assert that they have suffered from "identity theft" as a result of a letter Defendants allegedly sent to Plaintiffs on or about June 4, 2005, in which Defendants allegedly informed Plaintiffs that Defendants could not locate Plaintiffs' credit history. It is unclear what Plaintiffs are asserting. However, Plaintiffs seem to be claiming that because they provided Defendants with information in order to enter into a loan transaction(s), and Defendants subsequently informed Plaintiffs that Defendants could not locate their credit history, then Plaintiffs' identity has been lost/stolen. Assuming, *arguendo*, that Defendants sent Plaintiffs a letter stating that Defendants could not locate their credit history, this is a far cry from Defendants informing Plaintiffs that Plaintiffs' identities had been stolen. Moreover, Plaintiffs do not assert that Defendants informed Plaintiffs that someone had stolen Plaintiffs' identity. Additionally, Plaintiffs do not claim that they have been damaged as a result of any identity theft. As such, Plaintiffs fail to state a claim for "identity theft."

### III.   CONCLUSION

The summons and Complaint are due to be quashed because Defendants were improperly and untimely served. Even if Defendants had been properly and timely served, the Complaint fails to state a claim upon which relief can be granted. Moreover, even though Plaintiffs did not even attempt to serve Defendants with the Amended Complaint, it, too, is due to be dismissed because it violates this Court's July 13, 2005 Order, and it also fails to state a claim upon which relief can be granted.

**WHEREFORE**, the summons and Complaint in the above-styled action is due to be quashed, or in the alternative, the Complaint and Amended Complaint are due to be dismissed.

Respectfully submitted,

/s/ Reid S. Manley_____
Reid S. Manley
Elizabeth B. Shirley

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served the plaintiffs, appearing *pro se*, via First Class United States Mail, postage prepaid:

Janie L. Kinsey
C.H. Kinsey
420 County Road 250
Headland, Alabama 36345

/s/ Reid S. Manley_____
OF COUNSEL