IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE L. KINSEY and C.H. KINSEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:05-cv-636-F |
| ) | |
| C. LANCE GOULD, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OBJECTION TO MAGISTRATE'S ORDER DENYING
DEFENDANTS' MOTION TO QUASH AND TO DISMISS**

**COME NOW** Defendants CitiFinancial Corporation, LLC and TranSouth Financial Corporation, n/k/a CitiFinancial Auto Corporation, (or collectively "Defendants"), appearing specially and specifically reserving their right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, their defenses under the applicable rules of civil procedure, and any and all defenses under the federal laws of bankruptcy, and pursuant to 28 U.S.C. § 636(b)(1), hereby object to the Magistrate Judge's October 10, 2006 Order, which denied Defendants' Motion to Quash, or in the alternative, to Dismiss based on Plaintiffs' failure to state a claim.[1]

I.   **INTRODUCTION**

On August 7, 2006, Defendants moved the Court to quash the summons and complaint in this action because it was not properly served on Defendants. Indeed, Federal Rule of Civil

---

[1] Simultaneously with the filing of this Objection, Defendants are filing a Motion to Compel Arbitration and to Dismiss, or Alternatively, to Compel Arbitration and Stay Proceedings, Including Discovery, as Plaintiffs entered into written arbitration agreements with Defendants that encompass the claims they assert in this suit. By filing their motion to compel arbitration, Defendants do not waive their argument that they were not properly served. Further, by filing this Objection, Defendants do not waive their right to compel arbitration.

1511437

Procedure 4(h) requires that Plaintiffs serve "an officer, a managing or general agent, or [] any other agent authorized by appointment or by law to receive service of process," but Plaintiffs did not do this. As such, Defendants' motion to quash was due to be granted.

In the alternative to their motion to quash, Defendants moved the Court to dismiss the complaint and amended complaint for failure to state a claim upon which relief can be granted against Defendants. Plaintiffs' original complaint fails to state a claim upon which relief can be granted, as it simply contains a laundry list of "claims," some of which are not even legally cognizable claims. Apparently recognizing the inadequacy of the complaint, on July 13, 2005, the Court order the Plaintiffs to amend their complaint to articulate specific wrongful conduct against each Defendant, specific causes of action based on such conduct, damages incurred with respect to each alleged violation, as well as other requirements. Although Plaintiffs filed an amended complaint, it does not comply with the Court's Order, and it does not state a claim upon which relief can be granted. Instead, it appears that Plaintiffs went to a library, looked up potential causes of action against consumer finance companies, and simply listed these causes of action in their amended complaint. Therefore, the complaint and amended complaint are due to be dismissed pursuant to Rule 12(b)(6).

## II.   STATEMENT OF FACTS

On or about July 7, 2005, Plaintiffs filed the above-styled action in this Court. They alleged "wrongdoing" regarding the loans Plaintiffs entered into with Defendants. (Compl. at p. 1.) They also asserted "negligence," "fraud," "trespass," "property loss," "oppression," "malice" "wanton," "wanton injury," "wanton negligence," "mental anguish," "confidentiality," and "discrimination." (*Id.* at pp. 3-4.) They did not allege any act or omission on the part of Defendants with respect to any of these "claims," except for the charge of "confidentiality," with

respect to which they allege "Citifinancial has lost our identity social security number date of birth. All of our life we worried about who may use social security number in future or maybe after expiration of life." (*Id.* at p. 4.)

On July 13, 2005, this Court ordered the Plaintiffs to amend their Complaint to specifically set forth:

> 1. The names of all of the individuals and companies who violated their federal statutory or constitutional rights and a current mailing address where the individuals and companies can be served;
>
> 2. As to each such defendant:
>    1. The federal statutes, federal regulations or federal constitutional provisions which were violated;
>    2. A description of all the actions which violated the plaintiffs' rights;
>    3. The specific dates on which each violation occurred;
>    4. The plaintiffs' specific relationship to each defendant (e.g., lawyer/client, etc.); and
>    5. The amount of money lost, or the specific injury incurred, as a result of each violation.
>
> 3. Whether the plaintiffs have sought relief from any private or governmental agency, and if so, the name of the agency, the date of the claim, and the result of the investigation of the claim; and
>
> 4. The specific relief that the plaintiffs seek **against each defendant**, that is, the precise action that the plaintiffs wish for the court to take against each defendant in response to their complaint.
>
> Unless the plaintiffs provide the foregoing information, this action may not proceed. The plaintiffs are advised that their failure to comply with this order could result in a Recommendation to the court that this case be dismissed.

(Court's Order dated 7/13/05 (emphasis in original.))

On July 27, 2005, Plaintiffs filed an amended complaint, but it did not comply with the Court's July 13, 2005 Order. In the amended complaint, Plaintiffs generally allege that Defendants made misrepresentations regarding their loans; failed to disclose the cost and term of

1511437                                        3

credit insurance; lost their credit history; and generally list a number of other claims, without setting forth any supporting facts.

Plaintiffs did not attempt service of their complaint on Defendants until <u>June 28, 2006</u>, when ordered by the Court to do so, and the attempted service was improper. When Defendants became aware of the summons and complaint, they filed a motion to quash service and to dismiss the complaint for failure to state a claim. On October 10, 2006, the Court denied Defendants' motion. Defendants now submit their Objection to the Magistrate Judge's denial of the motion to quash or, in the alternative, to dismiss for failure to state a claim.

### III.    <u>ARGUMENT</u>

As this Court is aware, pursuant to 28 U.S.C. 636(b)(1), the Magistrate Judge's October 10, 2006 Order is due to be reviewed de novo by the District Judge.

A.    <u>The Summons And Complaint Are Due To Be Quashed Because They Were Not Properly Served, Nor Were They Timely Served.</u>

Pursuant to Federal Rule of Civil Procedure 4(h), Plaintiffs could have served Defendants by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1), or "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process," Ala. R. Civ. P. 4(c)(6). Plaintiffs did neither. They served Shaun Hawthorne, who is an assistant manager of a CitiFinancial branch located in Dothan, Alabama. Ms. Hawthorne is not an officer of CitiFinancial; she is not a managing or general agent of CitiFinancial; she is not a partner in CitiFinancial; and she is not otherwise authorized by appointment or by law to receive service of process on behalf of CitiFinancial. Therefore, service was improper, and the summons and complaint are due to be quashed.

In addition, pursuant to Rule 4(m), Plaintiffs must have served Defendants within 120 days of the filing of the complaint, and they failed to do so. Instead, Plaintiffs attempted to serve Defendants almost 1 year after they filed suit. Moreover, Plaintiffs did not properly serve Defendants at that time. As such, Defendants are due to be dismissed.

B.    **In The Alternative, The Complaint And Amended Complaint Are Due To Be Dismissed.**

As this Court is aware, "[t]he appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim." *McFarland v. Folsom*, 854 F. Supp. 862, 869 (M.D. Ala. 1994). "Dismissal is appropriate where it is clear the plaintiff can prove no facts in support of the claims in the complaint." *McFarland*, 854 F. Supp. at 869.

1.    **The original complaint fails to state a claim upon which relief can be granted.**

Based on the facts set forth in the complaint and related documents, there is no possibility that Plaintiffs can maintain claims of "negligence," "fraud," "trespass," "property loss," "oppression," "malice" "wanton," "wanton injury," "wanton negligence," "mental anguish," "confidentiality," and "discrimination." (Compl. at pp. 3-4.) Indeed, Plaintiffs allege no supporting facts whatsoever in connection with the following claims: negligence, fraud, trespass, property loss, oppression, malice, wanton, wanton injury, wanton negligence, mental anguish, and discrimination. With respect to the "claim" of "confidentiality," Plaintiffs allege that "Citifinancial has lost our identity social security number date of birth. All of our life we worried about who may use social security number in future or maybe after expiration of life." (*Id.* at p. 4.) However, there is no recognized cause of action for "confidentiality." Moreover, Plaintiffs do not state any damages incurred as a result of the alleged wrongful conduct. As

such, the complaint fails to state a claim upon which relief can be granted and is due to be dismissed.

    **2.**    **The amended complaint fails to comply with the Court's July 13, 2005 Order, and fails to state a claim upon which relief can be granted.**

        **a.**    *The amended complaint fails to comply with the Court's July 13, 2005 Order, and is therefore due to be dismissed.*

Contrary to the guidelines set out in the Court's July 13, 2005 Order, Plaintiffs' amended complaint fails to give Defendants adequate notice of the conduct about which Plaintiffs complain. Plaintiffs failed to comply with the following provisions of the Court's July 13, 2005 Order, among others: (1) which Defendant allegedly engaged in what wrongful conduct, (2) a description of all the actions which allegedly violated Plaintiffs' rights; (3) specific dates alleged violations occurred, and (4) specific relief sought against each Defendant. Moreover, the Court warned Plaintiffs in its July 13, 2005 Order that if Plaintiffs failed to provide the required information, "this action may not proceed." As such, pursuant to the Court's Order, this action is due to be dismissed.

        **b.**    *The amended complaint is due to be dismissed for failure to state a claim upon which relief can be granted.*

Even if Plaintiffs had not violated the Court's July 13, 2005 Order, which they did, the amended complaint is nonetheless due to be dismissed for failure to state a claim upon which relief can be granted. The amended complaint alleges no supporting facts whatsoever in connection with the following claims: "misrepresentation," "misrepresentation of loan," "misrepresentation of cost of credit insurance," "misrepresentation of insurance coverage," "misrepresentation of credit insurance refund," "Unfair Collection Practices," "Truth in Lending Act Violation," "Equal Credit Opportunity Act Regulation B Violation," and "Credit Reporting Act Violation." Instead, it appears that Plaintiffs used their local library to look up claims

regarding consumer loans, and listed all of those claims against Defendants, without providing Defendants of any notice regarding the factual bases of these "claims." Of course, with respect to Plaintiffs' "claims" of misrepresentation, Plaintiffs have utterly failed to comply with Rule 9(b)'s heightened pleading requirement, which is another separate ground for dismissal.

In addition, the only factual allegations contained in the amended complaint fail to state a claim upon which relief can be granted. Plaintiffs allege that Defendants lost their credit history, and that "someone may get our identity such as social security number date of birth for the rest of our life we has this burden on us." (Am. Compl. at p. 9.) Assuming Defendants "lost" Plaintiffs' credit history, Plaintiffs have asserted no damages. They have only speculated that "someone may get our identity." Plaintiffs also claim that they were mislead because they took out a loan for one amount, and then the billing statement had a larger amount on it. Assuming this is true, Plaintiffs are presumably referring to being charged interest on a loan, which is entirely permissible under the law. If Plaintiffs are referring to something else, they have utterly failed to describe it and give Defendants adequate notice. As such, there are no factual allegations in Plaintiffs' amended complaint which state a claim upon which relief can be granted.

## IV. <u>CONCLUSION</u>

The summons and complaint are due to be quashed because Defendants were improperly and untimely served. Even if Defendants had been properly and timely served, the complaint and the amended complaint fail to state a claim upon which relief can be granted, and the amended complaint also violates this Court's July 13, 2005 Order.

**WHEREFORE**, the summons and complaint in the above-styled action is due to be quashed, or in the alternative, the complaint and amended complaint are due to be dismissed.

        Respectfully submitted,

        s/ Elizabeth B. Shirley
        Reid S. Manley
        Elizabeth B. Shirley

        Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 Wachovia Tower
420 20th Street North
Birmingham, Alabama 35203
Phone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served the plaintiffs via First Class United States Mail, postage prepaid:

    Janie L. Kinsey
    C.H. Kinsey
    420 County Road 250
    Headland, Alabama 36345

        s/ Elizabeth B. Shirley
        OF COUNSEL