IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE L. KINSEY and C.H. KINSEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 2:05-cv-636-F |
| | ) |
| C. LANCE GOULD, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO COURT'S SHOW CAUSE ORDER REGARDING DEFENDANTS' MOTION TO COMPEL ARBITRATION

**COME NOW** Defendants CitiFinancial Corporation, n/k/a CitiFinancial Corporation, LLC, and TranSouth Financial Corporation, n/k/a CitiFinancial Auto Corporation (or collectively "Defendants"), without waiver of their defenses under the Federal Rules of Civil Procedure, or any other applicable rule of civil procedure, and without waiver of any and all defenses under the federal laws of bankruptcy, and hereby submit this Reply to Plaintiffs' response to the Court's November 6, 2006 Show Cause Order as to why Defendants' Motion to Compel Arbitration and to Dismiss, or Alternatively, to Compel Arbitration and Stay Proceedings, including Discovery, should not be granted. In support, Defendants show as follows:

1. On October 23, 2006, Defendants filed a Motion to Compel Arbitration and to Dismiss, or Alternatively, to Compel Arbitration and Stay Proceedings, including Discovery (the "Motion"), seeking to compel Plaintiffs' claims in the instant matter to arbitration. Indeed, Plaintiffs entered into written arbitration agreements with Defendants, the scopes of which encompass Plaintiffs' claims in the above-styled action. In addition, the transactions at issue involve interstate commerce.

1520552

2. On November 6, 2006, the Court issued a Show Cause Order as to why Defendants' Motion should not be granted.

3. On November 16, 2006, Plaintiffs filed a Response to the Court's Show Cause Order (the "Response").

4. Plaintiffs' Response <u>does not dispute</u> that Plaintiffs signed arbitration agreements with Defendants, that the scope of these arbitration agreements encompass the claims Plaintiffs assert in the instant action, or that the transactions in question involved interstate commerce. As such, Plaintiffs present no reason as to why Defendants' Motion should not be granted.

5. For the reasons set out in Defendants' Motion, as well as in Defendants' Memorandum in Support of Defendants' Motion to Compel Arbitration and Dismiss, or Alternatively, to Compel Arbitration and Stay Proceedings, including Discovery, Defendants' Motion is due to be granted, and this case is due to be dismissed without prejudice.

**WHEREFORE**, Defendants respectfully request that this Court grant its Motion to Compel Arbitration and to Dismiss, or Alternatively, to Compel Arbitration and Stay Proceedings, including Discovery.

Respectfully submitted,

s/ Elizabeth B. Shirley
Reid S. Manley
Elizabeth B. Shirley

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100

## **CERTIFICATE OF SERVICE**

 I hereby certify that on November 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served the plaintiffs via First Class United States Mail, postage prepaid:

Janie L. Kinsey
C.H. Kinsey
420 County Road 250
Headland, Alabama 36345

             s/ Elizabeth B. Shirley
             OF COUNSEL