IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE L. KINSEY and C.H. KINSEY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-636-WKW |
| | ) |
| C. LANCE GOULD, | ) |
| LIFE & ACCIDENT INSURANCE CO., | ) |
| | ) |
| Defendant, | ) |

**ORDER**

The case is currently before the court on the defendants' motion to compel arbitration. Upon examination of the record, the court is not satisfied that it has subject matter jurisdiction[1] over this case, and it is therefore

ORDERED that the parties shall have until December 14, 2006, to show cause why

---

[1] Both defendants currently in this action have also filed a motion to quash service of process (doc. #28, filed August 8, 2006) and an objection (doc. #37, filed October 23, 2006) to this court's order denying the motion (doc. #34, entered October 10, 2006). These motions call into question the court's personal jurisdiction over the defendants. The plaintiffs served process far outside the 120-day time limit set by Rule 4(m) of the Federal Rules of Civil Procedure. However, that rule gives the court discretion to extend the time limit to correct service of process. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1131-32 (11th Cir. 2005), and the court has exercised that discretion in favor of the plaintiffs (doc. #22, entered June 1, 2006; doc. #34, entered October 10, 2006).
  The plaintiffs served the defendants at the business address shown on their loan contracts, and did not direct this service to any particular individual. "Shaun Hawthorne" signed for both defendants. In their motion to quash and objections, the defendants stated that Shaun Hawthorne is a branch vice president for CitiFinancial, but did not provide further information (or any evidence) with respect to Ms. Hawthorne's responsibilities.
  Should the court be convinced it has subject matter jurisdiction over this case, the court will consider granting the plaintiffs further time to correct any errors in its service of process, including time to conduct jurisdictional discovery, if necessary. *See Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1980) (favoring efforts to correct invalid service as remedy when proper service can be effected). The court will not enter any recommendation on the motion to compel arbitration, or any other dispositive motion, until it is satisfied that it has both personal and subject matter jurisdiction over this case.

this case should not be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

The initial complaint filed in this *pro se* action (doc. #1, filed July 7, 2005) did not specify any federal cause of action or other basis for federal jurisdiction. In response to an order of this court demanding a more definite statement (doc. #3, entered July 13, 2005), the plaintiffs filed an amended complaint (docs. #8-9, filed July 27, 2005) in which they cited "Unfair collection - practices," "Truth in lending act - violation," and "Equal Credit Opportunity Act Regulation B violation and Credit Reporting Act Violation."

The court ordered the plaintiffs to list a description of all the actions which violated the plaintiffs' rights, the specific dates on which the violations occurred, the plaintiffs' specific relationship to each defendant, and the injury incurred (doc. #3, p. 2). With respect to the defendants still in the case, the plaintiffs submitted the following:

> (1) has been mislead by misrepresentation of loan has cause me to be distress asking the court to grant me $200,000.00 for this violation.
>
> (1) distress these Companies had me trouble they sent a letter in June 4 2005 stated they had loss my credit history. Someone may get our identity such as social security number date of birth for the rest of our life we has this burden on us I am worried. Asking the Court to grant me $200,000.00 for this violation.
>
> (2) anxiety these companies has cause me anxiety attack I am trying to write this complaint and just torn all to pieces I feel so unable to cope with all of this. I am seeking the court for help please please help us in Jesus name. [illegible] the court to grant me $200,000.00 for this violation.
>
> (3) I am hurt of the misrepresentation of Citifinancial. I have anxiety worried about what may happen to my social security number with citifinancial date of birth this anxiety will be with me for the rest of my life and here after

people can us[e] your identity after death. June 4, 2005 the sent me this letter about our credit history has been lost see in your file attachment #6. I am asking the court to grant me $200,000.00 for this violation.

(4) I am oppress I trusted citifinancial not know they were misleading us take out a loan for one amount then when you billing statement come that have a large amount. My mind is heavily think on this problem all the time. I am asking the court to please help some justice. I am asking the court to grant me $200,000.00.

"Misrepresentation," without more, is not a federal cause of action. Losing a customer's personal information, without more, is not a federal cause of action. Sending a bill for "a large amount," without more, is not a federal cause of action. The complaint does not show the relevance of the Unfair Debt Collection Practices Act, the Truth in Lending Act, the Fair Credit Reporting Act, or any other federal statute to this case.[2]

Federal courts are courts of limited jurisdiction. Federal courts other than the Supreme Court have only the jurisdiction conferred on them by Congress, and have the obligation to inquire into their own jurisdiction sua sponte whenever it may be lacking. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999). A court that lacks jurisdiction over the subject matter of a case must dismiss that case.

Federal jurisdiction exists if the complaint states a claim arising under federal law, even if that claim lacks merit. However, federal jurisdiction does not exist if federal law is frivolously invoked, or merely recited, or is "patently without merit." *Murphy v. Inexco*, 611

---

[2] The initial complaint included many documents, including loan contracts between the plaintiffs and the remaining defendants, and a letter from Citifinancial informing the plaintiffs that their personal information had been lost while in the hands of a third party courier. The court has carefully reviewed these documents, but they do not show how federal law is relevant to this case.

F.2d 570, 573 (5th Cir. 1980); *see also Cuyhoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (case "cannot be made in a federal court unless there be involved a federal question, and a federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect"); *Burgess v. Charlottesville Savings & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973); *First Family Financial Services v. Mollett*, 2006 WL 695258 at *3 (E.D. Ky. Mar. 17, 2006) (mere recital or reference to a federal statute cannot confer federal question jurisdiction).[3]

Here, as noted above, the plaintiffs have not described actions that violate federal law, and have not to date demonstrated any alternative basis for federal subject matter jurisdiction.[4]  Under *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), even when the defendant does not challenge the plaintiff's jurisdictional averment, "the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." The court will do so. Unless the court receives evidence that it has jurisdiction over the subject matter of this action before December 14,

---

[3] The defendants, in their motion to compel arbitration, have invoked the Federal Arbitration Act. However, the existence of an FAA issue does not, without more, create jurisdiction in this court. *Peebles v. Merrill Lynch, Pierce, Fenner, & Smith*, 431 F.3d 1320, 1324 (11th Cir. 2005); *Baltin v. Alaron Trading Co.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[4] The court has considered the possibility that it has jurisdiction under diversity of citizenship under 28 U.S.C. § 1332. However, in order to show that this is so, the parties would have to demonstrate that every defendant served this case - including C. Lance Gould - is a resident of a different state than the plaintiffs'. If the plaintiffs are residents of Alabama (as appears from their address), then C. Lance Gould would have to be a resident of some other state, and every corporate defendant would have to be incorporated in some other state and have its principal place of business in some other state, for this court to have jurisdiction based on diversity. *See* 28 U.S.C. § 1332(c)(1).

2006, the court will recommend dismissal.

Done this 28th day of November, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE