IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE L. KINSEY and C.H. KINSEY   )  | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:05-CV-636-WKW |
| ) | |
| C. LANCE GOULD,   ) | |
| LIFE & ACCIDENT INSURANCE CO.,   ) | |
| ) | |
| Defendant,   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 28, 2006, the court gave the parties until December 14, 2006, to show cause why this case should not be dismissed for lack of subject matter jurisdiction (Doc. #42). The court has now received the plaintiffs' response (Docs. #45-46, filed December 6, 2006), but no response from the defendants. Upon consideration of the record and the plaintiffs' response, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED for want of subject matter jurisdiction.

**I. DISCUSSION**

*A. Background and Issues*

As discussed in the court's previous order (Doc. #42, entered November 28, 2006), the amended complaint (Docs. #8-9, filed July 27, 2005) refers to several federal statutes in a general way ("Unfair collection - practices," "Truth in lending act - violation," and "Equal Credit Opportunity Act Regulation B violation and Credit Reporting Act Violation"), but

does not show how the defendants' alleged actions violated these statutes.

Federal jurisdiction does not exist if federal law is frivolously invoked or merely recited, or all federal claims are "patently without merit." *Murphy v. Inexco*, 611 F.2d 570, 573 (5th Cir. 1980); *see also Cuyhoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (case "cannot be made in a federal court unless there be involved a federal question, and a federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect"); *Burgess v. Charlottesville Savings & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973); *First Family Financial Services v. Mollett*, 2006 WL 695258 at *3 (E.D. Ky. Mar. 17, 2006) (mere recital or reference to a federal statute cannot confer federal question jurisdiction).

In their response to the court's order, the plaintiffs make two arguments: that they alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution against C. Lance Gould, and that instructions provided by this court show that the court has jurisdiction.

### B. *Constitutional Violations*

This action originally included claims against C. Lance Gould, a private attorney retained by the plaintiffs. The plaintiffs stated that Mr. Gould violated their right to a fair trial by urging them to accept a settlement agreement with the corporate defendants, and by withdrawing from representation when they refused to take the settlement. The plaintiffs argue that the court has jurisdiction because these actions violated the Fifth and Fourteenth

Amendments to the United States Constitution.  However, as noted by the court in its recommendation that all claims against Mr. Gould be dismissed (Doc. #15, entered November 14, 2005, p. 3-4),[1] the Fifth and Fourteenth Amendments apply against governments and their agents, not against private attorneys.  *Henry v. Marshall*, 2005 WL 1241123 (M.D. Ala. May 24, 2005), *citing Polk County v. Dodson*, 454 U.S. 312, 325 (1981), *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  The plaintiffs appear to be claiming malpractice, and this court lacks jurisdiction to hear malpractice claims against private attorneys. *Diaz v. Sheppard*, 85 F.3d 1502, 1505-06 (11th Cir. 1996).  The federal claim against Mr. Gould is "patently without merit" within the meaning of *Murphy v. Inexco*, 611 F.2d at 573, and therefore cannot support federal jurisdiction.

C.  *Court-Provided Instructions*

The plaintiffs submit a page of "Instructions for Completing [a] Civil Rights Complaint Form," state that the court provided this page, and argue that the court has jurisdiction based on the second paragraph of the instructions.  This paragraph states that "[the plaintiffs'] complaint may be brought in this Court only if one or more of the named defendants are located in the geographical area covered by the United States District Court

---

[1] The District Court adopted this recommendation on December 1, 2005 (Doc. #17) and dismissed all claims against Mr. Gould.  However, subject matter jurisdiction depends on the facts as they exist at the time the complaint is filed, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989), and the court therefore considers the entire complaint in determining whether it has jurisdiction over this case.

for the Middle District of Alabama." The plaintiffs correctly state that Mr. Gould's address and at least one office belonging to the corporate defendants lie within the Middle District. However, they mistake the purpose of this paragraph. The paragraph states one requirement for *venue* in a particular district court under 28 U.S.C. § 1391(e). If this court had jurisdiction over the action, venue would lie here under that statute. Proper venue, however, does not confer jurisdiction.[2] *Andrus v. Charlestone Stone Products Co., Inc.*, 436 U.S. 604, 607 n.6 (1978) ("Title 28 U.S.C. § 1391(e) is a venue statute and cannot itself confer [subject matter] jurisdiction"). The plaintiffs' argument fails.

## II. CONCLUSION

Based on the foregoing analysis, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for want of subject matter jurisdiction. The parties are DIRECTED to file any objections to this recommendation on or before **January 3, 2007**. Any objections filed must specifically identify the findings in the Recommendation of the Magistrate Judge that are the subject of the objections. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District

---

[2] Thus, the instructions state that the action may *only* be brought if a defendant resides in this district, not that an action may *always* be brought against *any* defendant who resides here.

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

    Done this 18th day of December, 2006.

                                     /s/ Wallace Capel, Jr.
                                     WALLACE CAPEL, JR.
                                     UNITED STATES MAGISTRATE JUDGE