[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-11675
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00636-CV-W-N

JANIE L. KINSEY,
C. H. KINSEY,

    Plaintiffs-Appellants,

versus

J. KING,

    Defendants,

CITIFINANCIAL ASSOCIATES,
TRANSOUTH,
C. LANCE GOULD,

    Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(September 24, 2007)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Janie L. Kinsey and C.H. Kinsey, proceeding pro se, filed suit in federal court against CitiFinancial Associates, TransSouth, and their former attorney C. Lance Gould. The district court dismissed the Kinseys' amended complaint for lack of subject matter jurisdiction as to all three of these defendants. Appealing pro se, the Kinseys rely upon pendant party jurisdiction to establish subject matter jurisdiction over Gould.[1] For the reasons set forth more fully below, we affirm.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C.

---

[1] On appeal, the Kinseys have abandoned their claims against CitiFinancial and TransSouth. Although pro se pleadings are liberally construed, "even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The only mention of their claims against CitiFinancial is in the Kinseys' statement of the issues, which questions whether the court erred in informing CitiFinancial that its failure to answer the summons in 20 days would result in a default judgment. However, the Kinseys offer no discussion on this issue or any other issue regarding CitiFinancial. TransSouth is not mentioned in the Kinseys' brief. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding in counseled appeal that an issue was abandoned where it was referred to in the statement of the case, but no arguments on the merits were raised); Harris v. Plastics Mfg. Co., 617 F.2d 438, 440 (5th Cir. 1980) (holding in counseled case that listed issue was abandoned where it was not discussed in the argument portion of the brief); see also Bayro v. Reno, 142 F.3d 1377, 1379 (11th Cir. 1998) ("[T]he law is settled that, when a party lists an issue for appellate review but does not discuss that question in their argument, they have abandoned it.").

§ 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation, quotation marks, and emphasis omitted). Under this second ground, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (citations and quotation marks omitted). The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover, but rather whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction. McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc).

We liberally construe the Kinseys' reliance on pendant party jurisdiction as an invocation of the district court's supplemental jurisdiction.[2] See Tannenbaum v.

---

[2] Section 1367(a) provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original

3

United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); see also Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1566-67 (11th Cir. 1994) (recognizing that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides congressional authorization for what was formerly known as pendent party jurisdiction).

> Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. The constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.

Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006) (citations omitted). This requirement is met where the federal and state claims involve the same facts, occurrences, witnesses, and evidence, even where the elements of the state and federal claims differ. Palmer, 22 F.3d at 1566.

Because supplemental jurisdiction alone does not permit a federal court to exercise jurisdiction, id. at 1565, we first consider whether the district court had

---

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

original jurisdiction over any of the Kinseys' claims.³ In doing so, we liberally construe the Kinseys' pro se amended complaint. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). With regard to the Kinseys' claims against Gould, to the extent that they assert a claim under the Sixth Amendment,⁴ such a claim is insubstantial and frivolous because "[t]he Sixth Amendment applies only to criminal proceedings." Barbour v. Haley, 471 F.3d 1222, 1231 (11th Cir. 2006), cert. denied, 127 S.Ct. 2996 (2007). To the extent that the Kinseys assert a Fifth,⁵ Fourteenth,⁶ or First Amendment access to the courts claim⁷ against Gould, they have not alleged state action and "[t]he Fourteenth Amendment, and, through it, the First and Fifth Amendments, do not apply to private parties unless those parties

---

³ We discern no error in the district court's conclusion that diversity jurisdiction was inapplicable in this case. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").

⁴ "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . .and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

⁵ "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

⁶ "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

⁷ "Congress shall make no law . . . abridging . . . the right of the people . . to petition the Government for a redress of grievances." U.S. Const. amend. I; see also Bank of Jackson County v. Cherry, 980 F.2d 1362, 1370 (11th Cir. 1993) ("The First Amendment right to petition the government for a redress of grievances includes a right of access to the courts.").

are engaged in activity deemed to be 'state action.'" Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am., 860 F.2d 1022, 1024 (11th Cir. 1988) (citation omitted). Therefore, these claims are also insubstantial and frivolous. Any state-law claims, including legal malpractice, arise out of Gould's representation of the Kinseys in negotiating a settlement agreement and his refusal to continue that representation after the Kinseys rejected that agreement. The district court lacks federal question jurisdiction over any such claims. See Diaz v. Sheppard, 85 F.3d 1502, 1505-06 (11th Cir. 1996) (holding that no substantial question of federal law was required to be answered to determine the plaintiff's state-law legal malpractice, negligence, and breach of contract claims); Ray v. Tennessee Valley Auth., 677 F.2d 818, 825 (11th Cir. 1982) (holding that a claim of legal malpractice under Alabama law did not present a federal question). Thus, the Kinseys cannot rely upon any of the claims against Gould to establish a basis for supplemental jurisdiction. See 28 U.S.C. § 1367(a).

Even if the district court erred in dismissing every claim against CitiFinancial and TransSouth for lack of subject matter jurisdiction, the district court would lack the power to exercise supplemental jurisdiction over Gould. Under Alabama law, all actions against legal service providers that allege a breach of duty in providing legal services are governed by the Alabama Legal Services

6

Liability Act. <u>Sessions v. Espy</u>, 854 So.2d 515, 522 (Ala. 2002).

> [I]n a legal malpractice case a plaintiff must prove, basically, the same [elements] that must be proven in an ordinary negligence suit. Thus, the elements [a plaintiff] must prove in order to support his legal malpractice claim are a duty, a breach of that duty, an injury, that the breach was the proximate cause of the injury, and damages. [Additionally,] [i]n a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action, or must offer proof that the outcome of the case would have been different.

<u>Indep. Stave Co., Inc. v. Bell, Richardson & Sparkman, P.A.</u>, 678 So.2d 770, 772 (Ala. 1996) (citations and quotation marks omitted) (alterations in original). As discussed above, the Kinseys' claims against Gould arise out of his representation of them in negotiating a settlement agreement and his refusal to continue that representation after the rejection of that agreement. In contrast, the federal claims the Kinseys attempted to bring against CitiFinancial and TransSouth allege wrongdoing in connection with loans the Kinseys had with these companies. These federal and state claims do not share a common nucleus of operative facts. See <u>Palmer</u>, 22 F.3d at 1566.

In light of the foregoing, the district court's dismissal of the Kinseys' amended complaint is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia