# United States Court of Appeals
For the Eleventh Circuit

RECEIVED
2007 OCT 31 P 12: 18
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

No. 07-11675

District Court Docket No.
05-00636-CV-W-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sep 24, 2007
THOMAS K. KAHN
CLERK

JANIE L. KINSEY,
C. H. KINSEY,

Plaintiffs-Appellants,

versus

J. KING,

Defendants,

CITIFINANCIAL ASSOCIATES,
TRANSOUTH,
C. LANCE GOULD,
Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: ______
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Middle District of Alabama

Awarded TO US from 11th Circuit Awarded

JUDGMENT adjudicated

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
OCT 30 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: September 24, 2007
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

[DO NOT PUBLISH]

RECEIVED
2007 OCT 31 P 12: 18
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2007
THOMAS K. KAHN
CLERK

No. 07-11675
Non-Argument Calendar

D. C. Docket No. 05-00636-CV-W-N

JANIE L. KINSEY,
C. H. KINSEY,

Plaintiffs-Appellants,

versus

J. KING,

Defendants,

CITIFINANCIAL ASSOCIATES,
TRANSOUTH,
C. LANCE GOULD,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(September 24, 2007)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Janie L. Kinsey and C.H. Kinsey, proceeding pro se, filed suit in federal court against CitiFinancial Associates, TransSouth, and their former attorney C. Lance Gould. The district court dismissed the Kinseys' amended complaint for lack of subject matter jurisdiction as to all three of these defendants. Appealing pro se, the Kinseys rely upon pendant party jurisdiction to establish subject matter jurisdiction over Gould.[1] For the reasons set forth more fully below, we affirm.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C.

---

[1] On appeal, the Kinseys have abandoned their claims against CitiFinancial and TransSouth. Although pro se pleadings are liberally construed, "even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The only mention of their claims against CitiFinancial is in the Kinseys' statement of the issues, which questions whether the court erred in informing CitiFinancial that its failure to answer the summons in 20 days would result in a default judgment. However, the Kinseys offer no discussion on this issue or any other issue regarding CitiFinancial. TransSouth is not mentioned in the Kinseys' brief. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding in counseled appeal that an issue was abandoned where it was referred to in the statement of the case, but no arguments on the merits were raised); Harris v. Plastics Mfg. Co., 617 F.2d 438, 440 (5th Cir. 1980) (holding in counseled case that listed issue was abandoned where it was not discussed in the argument portion of the brief); see also Bayro v. Reno, 142 F.3d 1377, 1379 (11th Cir. 1998) ("[T]he law is settled that, when a party lists an issue for appellate review but does not discuss that question in their argument, they have abandoned it.").

§ 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation, quotation marks, and emphasis omitted). Under this second ground, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (citations and quotation marks omitted). The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover, but rather whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction. McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc).

We liberally construe the Kinseys' reliance on pendant party jurisdiction as an invocation of the district court's supplemental jurisdiction.[2] See Tannenbaum v.

---

[2] Section 1367(a) provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original

United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); see also Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1566-67 (11th Cir. 1994) (recognizing that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides congressional authorization for what was formerly known as pendent party jurisdiction).

> Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. The constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.

Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006) (citations omitted). This requirement is met where the federal and state claims involve the same facts, occurrences, witnesses, and evidence, even where the elements of the state and federal claims differ. Palmer, 22 F.3d at 1566.

Because supplemental jurisdiction alone does not permit a federal court to exercise jurisdiction, id. at 1565, we first consider whether the district court had

---

> jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

original jurisdiction over any of the Kinseys' claims.[3] In doing so, we liberally construe the Kinseys' pro se amended complaint. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). With regard to the Kinseys' claims against Gould, to the extent that they assert a claim under the Sixth Amendment,[4] such a claim is insubstantial and frivolous because "[t]he Sixth Amendment applies only to criminal proceedings." Barbour v. Haley, 471 F.3d 1222, 1231 (11th Cir. 2006), cert. denied, 127 S.Ct. 2996 (2007). To the extent that the Kinseys assert a Fifth,[5] Fourteenth,[6] or First Amendment access to the courts claim[7] against Gould, they have not alleged state action and "[t]he Fourteenth Amendment, and, through it, the First and Fifth Amendments, do not apply to private parties unless those parties

---

[3] We discern no error in the district court's conclusion that diversity jurisdiction was inapplicable in this case. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").

[4] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . .and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[5] "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[6] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[7] "Congress shall make no law . . . abridging . . . the right of the people . . to petition the Government for a redress of grievances." U.S. Const. amend. I; see also Bank of Jackson County v. Cherry, 980 F.2d 1362, 1370 (11th Cir. 1993) ("The First Amendment right to petition the government for a redress of grievances includes a right of access to the courts.").

are engaged in activity deemed to be 'state action.'" Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am., 860 F.2d 1022, 1024 (11th Cir. 1988) (citation omitted). Therefore, these claims are also insubstantial and frivolous. Any state-law claims, including legal malpractice, arise out of Gould's representation of the Kinseys in negotiating a settlement agreement and his refusal to continue that representation after the Kinseys rejected that agreement. The district court lacks federal question jurisdiction over any such claims. See Diaz v. Sheppard, 85 F.3d 1502, 1505-06 (11th Cir. 1996) (holding that no substantial question of federal law was required to be answered to determine the plaintiff's state-law legal malpractice, negligence, and breach of contract claims); Ray v. Tennessee Valley Auth., 677 F.2d 818, 825 (11th Cir. 1982) (holding that a claim of legal malpractice under Alabama law did not present a federal question). Thus, the Kinseys cannot rely upon any of the claims against Gould to establish a basis for supplemental jurisdiction. See 28 U.S.C. § 1367(a).

Even if the district court erred in dismissing every claim against CitiFinancial and TransSouth for lack of subject matter jurisdiction, the district court would lack the power to exercise supplemental jurisdiction over Gould. Under Alabama law, all actions against legal service providers that allege a breach of duty in providing legal services are governed by the Alabama Legal Services

Case 2:05-cv-00636-WKW-WC Document 53 Filed 10/31/2007 Page 7 of 7

Liability Act. Sessions v. Espy, 854 So.2d 515, 522 (Ala. 2002).

> [I]n a legal malpractice case a plaintiff must prove, basically, the same [elements] that must be proven in an ordinary negligence suit. Thus, the elements [a plaintiff] must prove in order to support his legal malpractice claim are a duty, a breach of that duty, an injury, that the breach was the proximate cause of the injury, and damages. [Additionally,] [i]n a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action, or must offer proof that the outcome of the case would have been different.

Indep. Stave Co., Inc. v. Bell, Richardson & Sparkman, P.A., 678 So.2d 770, 772 (Ala. 1996) (citations and quotation marks omitted) (alterations in original). As discussed above, the Kinseys' claims against Gould arise out of his representation of them in negotiating a settlement agreement and his refusal to continue that representation after the rejection of that agreement. In contrast, the federal claims the Kinseys attempted to bring against CitiFinancial and TransSouth allege wrongdoing in connection with loans the Kinseys had with these companies. These federal and state claims do not share a common nucleus of operative facts. See Palmer, 22 F.3d at 1566.

In light of the foregoing, the district court's dismissal of the Kinseys' amended complaint is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals, Eleventh Circuit
By: ______
Deputy Clerk
Atlanta, Georgia

*opportunity to notify the clerk to withhold issuance of the mandate.*

[Adopted effective April 1, 2003.]

Injustice

Read

### *11th CIR. R. 41-3. NON-ISSUANCE OF MANDATE WHEN COURT LACKS JURISDICTION*

Read

Read

*In any appeal dismissed by the court because it lacks jurisdiction, no mandate shall issue, but the order of dismissal shall be issued in lieu of the mandate.*

motion on terms agreed to b the court.

[Amended April 24, 1998, effectiv

### *11th CIR. R. 42-1. OF APP*

***(a) Dismissal by Appella*** *motions to dismiss shall in missal is sought with or w appellant or petitioner files c dismiss an appeal or agency out prejudice the clerk ...*

Injustice to put a mandate on this case without Jurisdiction this Court has Jurisdiction!!!

a order of dismiss not a mandate

## Rule 19. Withdrawal of Complaints and Petitions for Review

**(a) Complaint Pending Before Chief Judge.** A complainant may withdraw a complaint pending before the Chief Judge if the Chief Judge consents to the withdrawal.

**(b) Complaint Pending Before Special Committee.** A complainant may withdraw a complaint pending before a special committee if the special committee consents to the withdrawal.

**(c) Complaint Pending Before Judicial Council.** A complainant may withdraw a complaint pending before the Judicial Council if the Judicial Council consents to the withdrawal.

**(d) Petition for Review.** A complainant may withdraw a petition for review of a Chief Judge's order dismissing a complaint at any time before the Judicial Council acts on the petition.

**Authority:** § 372(c)(11).

## Rule 20. Copies of Statute, Rules, and Form

Copies of § 372(c), these Rules, and the complaint form described in Rule 1(a) are available on the court's web site at www.ca11.uscourts.gov, and without charge at the office of the Clerk, United States Court of Appeals, 56 Forsyth Street, N.W., Atlanta, Georgia 30303, and at the office of the clerk of any district court or bankruptcy court within the Eleventh Circuit.

[Amended effective January 1, 2002.]

## Rule 21. Effective Date

These Rules apply to complaints filed on or after January 1, 2002. Complaints filed before that date shall also be governed by these Rules in effect at the time the complaint was filed.

[Amended effective January 1, 2002.]

## APPENDIX A. JUDICIAL CONDUCT AND DISABILITY, 28 U.S.C. § 372(c)

**(c)**(1) Any person alleging that a circuit, district, or bankruptcy judge, or a magistrate, has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such a judge or magistrate is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct. In the interests of the effective and expeditious administration of the business of the courts and on the basis of information available to the chief judge of the circuit, the chief judge may, by written order stating reasons therefor, identify a complaint for purposes of this subsection and thereby dispense with filing of a written complaint.

(2) Upon receipt of a complaint filed under paragraph (1) of this subsection, the clerk shall promptly transmit such complaint to the chief judge of the circuit, or, if the conduct complained of is that of the chief judge, to that circuit judge in regular active service next senior in date of commission (hereafter, for purposes of this subsection only, included in the term "chief judge"). The clerk shall simultaneously transmit a copy of the complaint to the judge or magistrate whose conduct is the subject of the complaint.

(3) After expeditiously reviewing a complaint, the chief judge, by written order stating his reasons, may—

(A) dismiss the complaint, if he finds it to be (i) not in conformity with paragraph (1) of this subsection, (ii) directly related to the merits of a decision or procedural ruling, or (iii) frivolous; or

(B) conclude the proceeding if he finds that appropriate corrective action has been taken or that action on the complaint is no longer necessary because of intervening events.

The chief judge shall transmit copies of his written order to the complainant and to the judge or magistrate whose conduct is the subject of the complaint.

(4) If the chief judge does not enter an order under paragraph (3) of this subsection, such judge shall promptly—

(A) appoint himself and equal numbers of circuit and district judges of the circuit to a special committee to investigate the facts and allegations contained in the complaint;

(B) certify the complaint and any other documents pertaining thereto to each member of such committee; and

(C) provide written notice to the complainant and the judge or magistrate whose conduct is the subject of the complaint of the action taken under this paragraph.

A judge appointed to a special committee under this paragraph may continue to serve on that committee after becoming a senior judge or, in the case of the chief judge of the circuit, after his or her term as chief judge terminates under subsection (a)(3) or (c) of section 45 of this title. If a judge appointed to a committee under this paragraph dies, or retires from office under section 371(a) of this title, while serving on the committee, the chief judge of the circuit may appoint another circuit or district judge, as the case may be, to the committee.

Case 2:05-cv-00636-WKW-WC Document 59-2 Filed 06/26/2008 Page 11 of 11



(5) Each committee appointed under paragraph (4) of this subsection shall conduct an investigation as extensive as it considers necessary, and shall expeditiously file a comprehensive written report thereon with the judicial council of the circuit. Such report shall present both the findings of the investigation and the committee's recommendations for necessary and appropriate action by the judicial council of the circuit.

(6) Upon receipt of a report filed under paragraph (5) of this subsection, the judicial council—

(A) may conduct any additional investigation which it considers to be necessary;

(B) shall take such action as is appropriate to assure the effective and expeditious administration of the business of the courts within the circuit, including, but not limited to, any of the following actions: (i) directing the chief judge of the district of the magistrate whose conduct is the subject of the complaint to take such action as the judicial council considers appropriate; (ii) certifying disability of a judge appointed to hold office during good behavior whose conduct is the subject of the complaint, pursuant to the procedures and standards provided under subsection (b) of this section; (iii) requesting that any such judge appointed to hold office during good behavior voluntarily retire, with the provision that the length of service requirements under section 371 of this title shall not apply; (iv) ordering that, on a temporary basis for a time certain, no further cases be assigned to any judge or magistrate whose conduct is the subject of a complaint; (v) censuring or reprimanding such judge or magistrate by means of private communication; (vi) censuring or reprimanding such judge or magistrate by means of public announcement; or (vii) ordering such other action as it considers appropriate under the circumstances, except that (I) in no circumstances may the council order removal from office of any judge appointed to hold office during good behavior, and (II) any removal of a magistrate shall be in accordance with section 631 of this title and any removal of a bankruptcy judge shall be in accordance with section 152 of this title;

(C) may dismiss the complaint; and

(D) shall immediately provide written notice to the complainant and to such judge or magistrate of the action taken under this paragraph.

(7)(A) In addition to the authority granted under paragraph (6) of this subsection, the judicial council may, in its discretion, refer any complaint under this subsection, together with the record of any associated proceedings and its recommendations for appropriate action, to the Judicial Conference of the United States.

(B) In any case in which the judicial council determines, on the basis of a complaint and an investigation under this subsection, or on the basis of information otherwise available to the council, that a judge appointed to hold office during good behavior may have engaged in conduct—(i) which might constitute one or more grounds for impeachment under article II of the Constitution; or (ii) which, in the interest of justice, is not amenable to resolution by the judicial council, the judicial council shall promptly certify such determination, together with any complaint and a record of any associated proceedings, to the Judicial Conference of the United States.

(C) A judicial council acting under authority of this paragraph shall, unless contrary to the interests of justice, immediately submit written notice to the complainant and to the judge or magistrate whose conduct is the subject of the action taken under this paragraph.

(8)(A) Upon referral or certification of any matter under paragraph (7) of this subsection, the Judicial Conference, after consideration of the prior proceedings and such additional investigation as it considers appropriate, shall by majority vote take such action, as described in paragraph (6)(B) of this subsection, as it considers appropriate. If the Judicial Conference concurs in the determination of the council, or makes its own determination, that consideration of impeachment may be warranted, it shall so certify and transmit the determination and the record of proceedings to the House of Representatives for whatever action the House of Representatives considers to be necessary. Upon receipt of the determination and record of proceedings in the House of Representatives, the Clerk of the House of Representatives shall make available to the public the determination and any reasons for the determination.

(B) If a judge or magistrate has been convicted of a felony and has exhausted all means of obtaining direct review of the conviction, or the time for seeking further direct review of the conviction has passed and no such review has been sought, the Judicial Conference may, by majority vote and without referral or certification under paragraph (7), transmit to the House of Representatives a determination that consideration of impeachment may be warranted, together with appropriate court records, for whatever action the House of Representatives considers to be necessary.

(9)(A) In conducting any investigation under this subsection, the judicial council, or a special committee appointed under paragraph (4) of this subsection, shall have full subpoena powers as provided in section 332(d) of this title.

(B) In conducting any investigation under this subsection, the Judicial Conference, or a standing committee appointed by the Chief Justice under section 331 of this title, shall have full subpoena powers as provided in that section.